Matter of Audia v DiNapoli (2025 NY Slip Op 06235)

Matter of Audia v DiNapoli

2025 NY Slip Op 06235

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CV-24-1356
[*1]In the Matter of John Audia, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental and performance of duty disability retirement benefits.
After taking a service retirement in January 2016, petitioner, a police officer, filed applications for accidental and performance of duty disability retirement benefits based upon an injury allegedly sustained in May 2013. At the time of the underlying incident, petitioner was operating his patrol vehicle during the early morning hours when a deer ran out in front of him, causing petitioner to slam on his brakes and swerve to avoid a collision, whereupon he felt a "popping" in his back. Petitioner's respective applications were denied upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and that petitioner was not permanently incapacitated from the performance of his duties. Following a hearing and redetermination, a Hearing Officer upheld the denials. Respondent adopted the Hearing Officer's findings and conclusions, prompting this CPLR article 78 proceeding.
"In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Hannon v DiNapoli, 226 AD3d 1122, 1123 [3d Dept 2024] [internal quotation marks and citations omitted]; see Retirement and Social Security Law §§ 363 [a] [1]; 363-c [b] [1]; Matter of Verille v Gardner, 177 AD3d 1068, 1069 [3d Dept 2019]). "Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another, and our review of respondent's determination is limited to ascertaining whether it is supported by substantial evidence" (Matter of Mozdziak v DiNapoli, 231 AD3d 1215, 1216 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Matter of Stefanik v Gardner, 236 AD3d 75, 78 [3d Dept 2025]; Matter of Romano v DiNapoli, 228 AD3d 1195, 1196 [3d Dept 2024]).
Petitioner testified that, following the May 2013 incident, he was out of work for two weeks, during which time he sought treatment from an orthopedic surgeon. According to petitioner, he was treated conservatively with physical therapy and anti-inflammatory medications and thereafter resumed his full duties as a patrol officer, which he continued until September 2015.[FN1] Petitioner moved out of state in mid-2016 and did not seek further treatment. The orthopedic surgeon who treated petitioner between 2013 and 2016 testified that petitioner "probably" would be unable to perform the exertional duties of a police officer due to the May 2013 incident and, therefore, was permanently disabled. A conflicting opinion was [*2]offered by the physician who evaluated petitioner on behalf of the New York State and Local Police and Fire Retirement System. The consulting orthopedist opined that, although petitioner suffered from preexisting multilevel degenerative disc disease, such condition was unrelated to the May 2013 incident and "in remission," such that, "from an orthopedic point of view, . . . there were no restrictions on [petitioner's] activities of daily living or work activity as a police officer." Accordingly, the consulting physician concluded that petitioner was not permanently incapacitated from the performance of his duties.
"[A]s the opinion of the Retirement System's expert was a rational fact-based opinion formed upon a physical examination of petitioner and a review of pertinent medical records, respondent was free to credit such opinion over that of petitioner's treating physician" (Matter of Mozdziak v DiNapoli, 231 AD3d at 1217 [internal quotation marks and citations omitted]). Thus, even assuming, without deciding, that the subject incident was an accident within the meaning of the Retirement and Social Security Law (see generally Matter of Bodenmiller v DiNapoli, 43 NY3d 43, 46-47 [2024]), substantial evidence supports respondent's finding that petitioner was not permanently incapacitated from the performance of his duties as a police officer and therefore not entitled to either accidental or performance of duty disability retirement benefits.
Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner apparently again injured his back in 2015, while jumping over a wall.